## HOLLANDER v. GOOD CITIZENS MUT. BEN. ASS'N, Inc.

### No. 17263.

Court of Appeal of Louisiana. Orleans.

Feb. 26, 1940.

Ogden & Woods and L. D Dunbar, all of New Orleans, for appellant.

Sydney J. Parlongue, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for the death benefit provided in a policy of insurance issued by defendant, Good Citizens Mutual Benefit Association, Inc., on the life of Morris Nicholls. The beneficiary named in the policy is Bertha Nicholls, designated as the wife of the insured, but the plaintiff who brings the suit is an attorney-at-law, to whom the said Bertha Nicholls, for consideration, has assigned her interest.

The defense relied upon is the contention that the said Nicholls met his death either as the result of his own unlawful act, or as the result of being stabbed by the beneficiary. It is not contended that the plaintiff-assignee of the policy is in any better legal position than would have been the designated beneficiary and it follows that any defense which might have been asserted against the said designated beneficiary is therefore available against the present plaintiff.

If the deceased was killed by the beneficiary without justification, then, defendant maintains, there can be no recovery since it is contrary to public policy to permit a beneficiary, who may have wilfully killed the insured, to recover the proceeds of a policy of insurance on the life of the said insured, and, in the alternative, it is maintained by the defendant that, if the said insured was killed by the said beneficiary while acting in defense of her own life, still no recovery can be had because, in such case, the action of the insured in attacking, or threatening the said beneficiary, was in itself an unlawful act which prevents recovery under the policy because of a provision which denies recovery where death results from certain designated causes and concludes with the following words: "* * * nor will any death benefit be paid from violation of law * * *".

In the court below there was judgment for plaintiff and defendant has appealed.

Since both the issuance of the policy and the death of the insured are conceded, it is obvious that the burden rests upon the defendant to prove the facts upon which the special defense is based, and the essential charge upon which each of the alternative defenses is founded is that Morris Nicholls, the insured, was killed by Bertha Nicholls, the designated beneficiary.

Plaintiff maintains that the record does not warrant the conclusion that the death of Nicholls resulted from the act of his said wife, and it is true that no eye-witness testified that Bertha had killed Morris. Yet, the circumstances so conclusively point to her as the person responsible that no other conclusion is possible.

It is shown that prior to his death Morris Nicholls was sitting at a table drinking and, except for intoxication, was in perfect physical condition. It is shown further that he arose from the table and either slapped Bertha Nicholls, or struck her more or less violently, and that imme-

diately she struck at him with her hand, in which a handkerchief was seen and that instantaneously he fell to the floor and shortly thereafter died. It is further shown that in the handkerchief there was a hole, which might have been made by the blade of a knife. While the coroner's report showing the cause of death was excluded, the record as a whole shows beyond any doubt that, when she struck at her said husband, there must have been a knife in her hand which she plunged into some vital spot in his body, with the result that he died, as we have said, almost immediately.

We refuse to further dignify by discussion the contention that it has not been shown that the cause of Morris' death was Bertha's attack upon him, as the record shows this fact beyond any possible doubt.

If, then, she struck him with a knife, either she was justified in that action by his aggressive and threatening gesture towards her, or she acted without justification. If she was justified in believing that he intended to kill her, or do her great bodily harm, then she acted in self-defense, (State v. Williams, 129 La. 795, 56 So. 891) but if so, then his act in attacking her, or in so acting as to justify in her mind the belief that she was about to be seriously injured by him, was an unlawful act on his part and was such an act as is contemplated by the above-quoted provision of the policy that there shall be no recovery in the event that death results from an unlawful act.

In Landry v. Independent National Life Insurance Company, 17 La.App. 10, 135 So. 110, we sustained such a defense. See, also, Geddes & Moss Undertaking & Embalming Company, Ltd. v. First National Life Insurance Company, Ltd., La.App., 167 So. 881; Couch, Cyclopedia of Insurance Law, Vol. 6, sec. 1236, page 4512.

If, on the other hand, she acted without justification, then she should not be permitted to recover, for it is well settled that the beneficiary of a life insurance policy who kills the insured is prevented, by public policy, from benefiting as the result of her said act.

"If a person who is designated as beneficiary in a policy of life insurance murders the insured, or feloniously causes his death, he will be debarred from recovering under the policy, since it would be contrary to public policy to permit a person who has feloniously killed another to recover on a policy on such life, * * *". Couch, Cyclopedia of Insurance Law, Vol. 2, sec. 342, page 1018. See, also, State v. Phoenix Mut. L. Ins. Co., 114 W.Va. 109, 170 S.E. 909, 91 A.L.R. 1486.

Counsel for plaintiff contends that the case of National Life Insurance Company v. Turner, La.App., 174 So. 646, is authority for the view that, where the beneficiary who kills the insured is shown to have acted in self-defense, there may be a recovery. There can be no doubt of that, unless, for some other reason, recovery is to be denied. In that case our attention was not directed to any policy provision concerning unlawful acts on the part of the insured. If there had been such a provision in that policy and it had been called to our attention, we would have held, as we now hold, that the unlawful act on the part of the insured was the attack upon the beneficiary and that this prevented recovery. In the absence of such a policy provision, there may be recovery if the death of the insured, though caused by the beneficiary, results from an act in self-defense.

Counsel lays great stress on the fact that the District Attorney refused to prosecute Bertha Nicholls and he argues from this that there could have been no evidence that she was the person who killed her husband. It may well have been that the District Attorney felt that the evidence showed that she acted in self-defense and that, therefore, it would not have been possible to secure a conviction. But if she was acting justifiably in self-defense, then, as we have said, Nicholls was acting in violation of law, so that in either event, for the reasons already given, there can be no recovery.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that plaintiff's suit be and it is dismissed at his cost.

Reversed.